IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GAYRAT BODOMOV                    :        CIVIL ACTION
                                  :
        v.                        :
                                  :
UNITED STATES, et al.             :        NO. 07-1482


**MEMORANDUM**


I.      **Introduction**

Gayrat Bodomov, ("Plaintiff") asks this Court for declaratory and injunctive relief in the

nature of mandamus to compel Defendants[1] to act on his application for naturalization.  Plaintiff

asserts claims against Defendants pursuant to applicable provisions of the United States

Constitution, The Immigration and Nationality Act, ("INA") 8 U.S.C. § 1101 et seq; 28 U.S.C. §

1331; the Mandamus Act, 28 U.S.C. § 1361; the Declaratory Judgment Act, ("DJA") 28 U.S.C. §

2201 et seq; and the Administrative Procedures Act, ("APA") 5 U.S.C. §§ 555 and 701 et seq.

(Doc. No. 1).  Plaintiff also seeks attorney's fees under the Equal Access to Justice Act, (EAJA)

5 U.S.C. § 504 and 28 U.S.C. § 2412.  Defendants move to dismiss Plaintiff's action pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 4).  The court denies

Defendants' motion.

---

[1] Plaintiff brings this action against the United States Department of Justice, and former
Attorney General Alberto Gonzales, The Federal Bureau of Investigation, and its Director Robert
Mueller, United States Department of Homeland Security and its Secretary Michael Chertoff,
Director of United States Citizenship and Immigration Services Department of Homeland
Security, Emilio Gonzales, and District Director of Department of Homeland Security United
States Citizenship and Immigration Services.  As all of Defendants are United States government
departments or officials, the Court will refer to them as "Defendants."

## II.    Background

Plaintiff was born in the former Soviet Union and has been residing in the United States

since 1999.  Plaintiff alleges that he filed an application for naturalization (Form N-400) on

October 12, 2004, and that he satisfies all of the criteria and requirements for citizenship of the

United States.  Subsequently, Plaintiff received a Notice of Action, scheduling his interview with

the United States Citizenship and Immigration Service ("USCIS") for July 11, 2005.

Approximately two weeks before that date, Plaintiff received another Notice of Action,

informing him that the interview had been cancelled "due to unforeseen circumstances."  Since

then, Defendants have taken no action and have not responded to Plaintiff's inquiries regarding

his application.  (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, at 2).

## III.   Parties Contentions

The government moves to dismiss the case for lack of subject matter jurisdiction under

Fed. R. Civ. P. 12(b)(1), contending that neither the Mandamus Act, the INA, or the APA

provide a judicial remedy in a situation where, as here, the agency's implementing regulations do

not create a duty for the agency to adjudicate an application for naturalization within any

particular time period.  (Def.'s Mot. to Dismiss, at 4-5).  The government asserts that the only

agency action that can be compelled under the APA is action that is legally required,  Norton v.

So. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004), and that "a delay cannot be unreasonable

with respect to action that is not required." Id. at 63 n. 1.

Plaintiff argues against this reading of the applicable statutes, urging the Court to find

jurisdiction appropriate under the APA, the Mandamus Act, and/or the United States

Constitution.  Plaintiff maintains that, under the INA, the government has a mandatory

responsibility for administration of the naturalization process in a reasonably prompt manner.

(Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, at 5).  There is no Circuit Court opinion on point.

**IV.    Legal Standards**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox,

Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as

true all well-pleaded allegations in the complaint and view them in the light most favorable to the

plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule

12(b)(6) motion will be granted only when it is certain that no relief could be granted under any

set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d

Cir. 1988).

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to

Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter

jurisdiction exists.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate

for itself the merits of the jurisdictional claims."  Hedges v. United States, 404 F.3d 744, 750 (3d

Cir. 2005) (brackets omitted).

This Court has original jurisdiction of any action in the nature of mandamus to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff.  28 U.S.C. § 1361.  The common-law writ of mandamus is intended to provide a

remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the

defendant owes him a clear non-discretionary duty.  Heckler v. Ringer, 466 U.S. 602, 616, 104

S.Ct. 2013, 80 L.Ed.2d 622 (1984).  Mandamus may issue to require the exercise of permissable

discretion, although the manner in which the discretionary act is to be performed is not to be

directed by the court.  Pennsylvania ex rel. Sheppard v. Nat'l Ass'n of Flood Insurers, 520 F.2d

11, 27 (3d Cir. 1975), overruled in part on other grounds by Pennsylvania v. Porter 659 F.2d 306

(3d Cir. 1981).

   The APA provides that a court "shall...compel agency action unlawfully withheld or

unreasonably delayed.  5 U.S.C. § 706(1); see also Id. § 555(b) (providing that within a

reasonable time, each agency shall proceed to conclude a matter presented to it).  Although "the

APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial

review of agency action," if a plaintiff states an APA claim under § 706(1), an independent

ground for jurisdiction exists under the federal question statute, 28 U.S.C. §1331, subject only to

preclusion of review statutes created or retained by Congress.  Shaat v. Klapakis, No. 06-5625,

2007 WL 2768859 (E.D.Pa. Sept. 21, 2007) (Pollak, J.) (citing Califano v. Sanders, 430 U.S. 99,

107).

**V.     Discussion**

   The agency action at issue in the instant case is the processing of an application for

naturalization.  Title V of the Immigration Act of 1990 provides the statutory basis for the

naturalization process.  A person who has been lawfully admitted to the United States for

permanent residence is eligible to become a citizen upon establishing five years of continuous

residence in the United States and a showing of good moral character.  8 U.S.C. § 1427(a).  The

statute, in conjunction with agency regulations, sets out a four-step procedure for naturalization:

(a) the filing of the application itself; (b) an investigation and background check; (c) an

examination; and (d) the administration of the oath of allegiance. 8 U.S.C. § 1446(a); 8 C.F.R. §

335; see also Ajmal v. Mueller, No. 07-206, 2007 WL 2071873, at *2 (E.D.Pa., July 17, 2007)

(Kauffman, J.).  Plaintiff's application is currently stalled at the second step of the process, the

background check.

In the past year, several judges in this District, including the undersigned, have faced

cases where the claims and facts are the same as the instant case for all relevant purposes: in all

these cases, petitioners have moved the Court to issue writs of mandamus to compel the

Government to proceed with their naturalization applications, where those applications have been

delayed for an extended period of time, asserting that the Court has jurisdiction under the INA,

the APA and the Mandamus Act; in each of these cases, the government has filed motions to

dismiss for want of jurisdiction.  In each of these cases, the Court has denied the Government's

motion to dismiss and allowed the case to proceed to discovery.  See Mocano v. Mueller, No. 07-

0445, 2007 WL 2916192 (E.D.Pa. Oct. 3, 2007) (Baylson, J.); Shaat v. Klapakas, No. 06-5625,

2007 WL 2768859 (E.D.Pa. Sept. 21, 2007) (Pollak, J.); Ajmal v. Mueller, No. 07-206, 2007 WL

2071873 (E.D.Pa. July 17, 2007) (Kauffman, J.); Song v. Klapakas,No. 06-05589, 2007 WL

1101283 (E.D.Pa. April 12, 2007)(Stengel, J.);  Kaplan v. Chertoff, 481 F. Supp. 2d 370, 399

(E.D.Pa 2007) (Robreno, J.).

Although subject matter jurisdiction is not free from doubt, in the absence of any Circuit

Court opinion on the issue presented, the undersigned will defer to these decisions of this Court

at this time and deny the Government's Motion to Dismiss.  If the Third Circuit decides that the

federal courts lacks subject matter jurisdiction, of course this Court will be bound and this case

will be dismissed at that time.

**V.**     **<u>Conclusion</u>**

At this time, Plaintiff's Complaint will remain before this Court and the parties will

proceed with any discovery that may be necessary, and then with dispositive motions.  An

appropriate order to follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GAYRAT BODOMOV                    :          CIVIL ACTION
                                  :
        v.                        :
                                  :
UNITED STATES, et al.             :          NO. 07-1482

## ORDER

AND NOW, this _____ day of December, 2007, upon consideration of Defendants'

Motion to Dismiss, (Doc. No. 4) and Plaintiff's Opposition thereto, (Doc. No. 5) and for the

reasons stated in the accompanying Memorandum, it is hereby ORDERED that the Motion is

DENIED.

                              BY THE COURT:


                               /s/ Michael M. Baylson
                              Michael M. Baylson, U.S.D.J.


A:\Bodomov v. U.S. 07-1482.wpd